UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MAMADOU L. BAH,

                      Plaintiff,

        -against-

P.O. LOUIS R. MOLIERE,

                      Defendant.
------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

**Bench Trial Requested**

16 CV 5946 (KBF)

        Plaintiff MAMADOU L. BAH (hereinafter "Plaintiff") by and through his attorneys, Vik Pawar, Esq., and Robert Blossner, Esq. respectfully allege as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

### JURISDICTION

    2.    The action is brought pursuant to 42 U.S.C. §§1981, 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

    4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## PARTIES

5. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of New York, State of New York.

6. The individual Defendant is an officer with the NYPD at the time when plaintiff's claims arose.

## FACTS

7. On June 29, 2013, plaintiff was employed as a livery cab driver and was working.

8. On that date, at approximately 7 p.m., plaintiff was stopped by the defendant.

9. Defendant did not have any reason, cause or probable cause to detain plaintiff.

10. Defendant pulled plaintiff from his livery cab, threw him to the ground, put his knees on his back and yanked his hands behind his back and handcuffed him.

11. Plaintiff was not told why he was pulled over or arrested.

12. Plaintiff was transported to the 32nd precinct.

13. While at the precinct, defendant while in the presence of other people, directed plaintiff to take off his pants.

14. Plaintiff was not arrested for a drug crime and defendant had no reason or cause to believe that plaintiff had any contraband on him.

15. Obviously embarrassed to having to pull his pants down, plaintiff refused.

16. After plaintiff refused, defendant took a knife and cut open plaintiff's pants so they fell to the ground and plaintiff was naked.

17. Plaintiff was in police custody for approximately 6 hours before he was released on bogus traffic summons.

18. The traffic summons against plaintiff were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
(False arrest/unlawful search and seizure-Fourth Amendment)

19. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

20. Defendant had no reason, probable cause or arguable probable cause to arrest plaintiff. Defendants fabricated a scenario to arrest plaintiff.

21. Even though plaintiff offered no resistance, he was yanked, thrown to the ground and had knees placed on him as he was tightly handcuffed and arrested on false charges and strip-searched without just cause.

22. Defendant assaulted him, falsely arrested him on fabricated charges.

23. Plaintiff was unlawfully seized, had unnecessary force used on him and was strip-searched without any justification.

24. As a result of the aforementioned conduct of Defendant, Plaintiff's constitutional rights under the Fourth Amendment were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process/Mal.Pros.)

25. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

26. The Defendants' conduct herein was an abuse of executive power so

clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

27. Defendant fabricated a story, initiated false and baseless proceedings against plaintiff. Defendant falsified that plaintiff had violated vehicle and traffic laws.

28. Defendant knew that if he forwarded the false and unreliable information to the DA's office, plaintiff would be prosecuted.

29. Yet defendant refused to show up for court hearings, never retracted his deficient summons and complaint against plaintiff and continued the prosecution based on malice because he did not want to acknowledge his unlawful conduct or wrongdoing.

30. The proceedings were terminated in plaintiff's favor.

31. As a result of the foregoing, Plaintiff was deprived of his rights secured under the Constitution.

### AS AND FOR A THIRD CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. 1981)

32. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

33. Plaintiff is an African-american black male.

34. Plaintiff earns a living driving a livery cab.

35. When defendant arrested him for false charges, he denied plaintiff the equal protection afforded to other citizens to earn a living.

36. Defendant's actions caused plaintiff financial harm and denied him rights guaranteed under the U.S. Constitution and 42 U.S.C. 1981.

**WHEREFORE,** the Plaintiff requests that this Court:

    a. Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in the amount of ONE HUNDRED THOUSAND DOLLARS for each cause of action;

    b. Award the costs of this action to the Plaintiff.

    c. Award reasonable attorney fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

    d. Award punitive damages in an amount determined by the jury;

    e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
February 21, 2017

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*